

FILED
DECEMBER 27, 2007
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFREY D. CALVERT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0135 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JEFFREY C. CALVERT. By his habeas application, petitioner challenges an Inmate Trust Account Order issued by the 69th District Court of Moore County on November 3, 2005, authorizing the withdrawal of money from petitioner's trust account to pay court costs resulting from petitioner's conviction. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal petition for a writ of habeas corpus should be DISMISSED.

I.
PROCEDURAL HISTORY

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of two judgments and sentences out of the 69th Judicial District Court of Moore County, Texas. In Cause No. 2588, petitioner pled guilty to

burglary of a habitation, and on October 10, 1994, he was sentenced to a term of five years imprisonment. In Cause No. 2575, petitioner pled guilty to aggravated sexual assault. On October 10, 1994, he was sentenced to a term of forty years imprisonment; the court also assessed court costs. Petitioner apparently did not appeal his convictions.

On November 3, 2005, the 69th Judicial District Court issued an Inmate Trust Account Order authorizing the withdrawal of funds from petitioner's trust account to pay court costs associated with petitioner's convictions. In May 2006, petitioner filed a Motion for Correction of the Record Nunc Pro Tunc, arguing that the district court erred in ordering the withdrawal. The district court denied petitioner's motion, and on August 17, 2006, petitioner filed an appeal with the Texas Court of Appeals, Seventh District. On October 23, 2006, that court dismissed petitioner's appeal for lack of jurisdiction because a denial of a motion nunc pro tunc is not appealable in Texas. *Calvert v. Texas*, No. 07-06-0345-CR, 2006 WL 3007186 (Tex. App. 2006) (unpublished). Petitioner then filed two state habeas petitions–one for each conviction–on April 16, 2007. The Texas Court of Criminal Appeals denied both petitions without written opinion on May 23, 2007.

Petitioner then filed this federal habeas petition on June 26, 2007. By Order filed August 31, 2007, petitioner was ordered to show cause why his petition should not be dismissed as barred by the one-year statute of limitations provided for in 28 U.S.C. § 2244(d)(1) because petitioner appeared to be seeking relief from his 1994 conviction in his federal petition. In his response to that order, petitioner stated he was seeking relief from the November 2005 state district court order, not relief from his conviction.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated when the trial court

ordered the withdrawal of funds from petitioner's inmate trust account to pay court costs arising from his conviction.

III.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. On April 16, 2007, petitioner filed a state habeas petition for each of his convictions, and on May 23, 2007, the Texas Court of Criminal Appeals denied each writ without written opinion.

IV.
DISCUSSION

Petitioner brings this habeas action alleging his federal constitutional rights were violated by the trial court's November 2005 order. This Court may grant habeas relief only when a petitioner shows that he "is in custody in violation of the Constitution or law or treatises of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus is the appropriate remedy only when a petitioner is challenging his confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.E.2d 439 (1973)). "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, or procedures affecting 'conditions' of confinement." *Cook*, 37 F.3d at 168 (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)).

Furthermore, the Fifth Circuit has adopted a "bright-line rule" for determining whether a

state inmate should bring an action pursuant to § 2254 or § 1983: "If a 'favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.2d 818, 820-821 (5th Cir. 1997) (internal citations omitted). In this case, petitioner does not challenge the fact or duration of his confinement. Instead, he challenges an order by the trial court relating to his conviction. Any relief that could be granted from the trial court's order would not affect petitioner's release from confinement, but rather only the withdrawal of funds from petitioner's prison trust account. Therefore, petitioner has failed to state a claim upon which federal habeas relief may be granted.

V.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JEFFREY D. CALVERT should be DISMISSED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of December 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).